April A. **CROW**, Plaintiff

v.

**BEST BUY COMPANY, INC.**, Defendant

No. 3:02CV7630.

United States District Court,
N.D. Ohio,
Western Division.

Feb. 13, 2004.

Daniel M. Snyder, Snyder, Alge & Welch, Findlay, OH, Rebecca L. West-Estell, Toledo, OH, for April A. Crow, Plaintiff.

Christopher C. Russell, Porter, Wright, Morris & Arthur, Columbus, OH, for Best Buy Company, Inc., Defendant.

## ORDER

CARR, District Judge.

This is an employment discrimination case under the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq., in which summary judgment was granted in favor of the defendant. Pending is the defendant's motion for an award of costs in the amount of $1,288.75.

Plaintiff opposes the request on the ground of indigency. She represents, inter alia, that: 1) she is working part-time while attending school; 2) her husband was terminated by the defendant during the pendency of this case; and 3) she and her husband are responsible for the support of three children. Defendant does not contest the plaintiff's contention that plaintiff is indigent, or her contention that assessment of costs, even in the rather modest amount sought by defendant, would work a hardship on her and her family.

■ The Sixth Circuit has indicated that indigency may be a factor in determining whether to award costs. *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir.1986) (upholding cost award on basis of district judge's finding that plaintiff had the ability to pay costs by obtaining a loan); *see also Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir.1989) (requiring determination in a pre-Prisoner Litigation Reform Act, 42 U.S.C.A. § 1997e, case of pro se prisoner's capacity to pay costs where non-prevailing party asserts indigency); *Wilcox v. Straub*, 1997 WL 33323861, *2 (W.D. Mich., Jun 24, 1997) (noting exercise of discretion to decline to award costs where non-prevailing party has established indigency).

■ In light of the plaintiff's unchallenged and incontestible showing of indigency, I agree with the following observations:

District courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases. [Plaintiff's] argument that payment of the costs would render her indigent is compelling. Indigency is a factor that the district court may properly consider in deciding whether to award costs. The mere fact that plaintiff had not obtained employment at the time of the filing of the cost bill is persuasive evidence of the possibility she would be rendered indigent should she be forced to pay $46,710.97—the total amount that the district court awarded against her. The pertinent time, of course, is the time the costs were initially taxed; whatever may have occurred since that time is of no consequence.

Furthermore, the imposition of such high costs on losing civil rights plaintiffs of modest means may chill civil rights litigation in this area. While we reject plaintiff's claims, we also note that they raise important issues and that the answers were far from obvious. Without civil rights litigants who are willing to test the boundaries of our laws, we would not have made much of the progress that has occurred in this nation

since *Brown v. Board of Educ.,* 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954). *Stanley v. University of Southern California,* 178 F.3d 1069, 1079 (9th Cir.1999) (citations omitted).

■ As the Sixth Circuit has noted, the fact of imprisonment moderates the effects of indigency. *Singleton v. Smith,* 241 F.3d 534, 539 (6th Cir.2001). Unlike the plaintiff here, a prisoner's essential wants are provided by the state. In addition, public policy, as exemplified by the Prisoner Litigation Reform Act, 42 U.S.C.A. § 1997e, disfavors prisoner litigation as a means of redressing grievances. Public policy, on the other hand, favors access to the courts by employees who claim to have been subjected to discrimination in the workplace.

The impediments to seeking redress under federal employment discrimination statutes already are daunting—and increasing, as mandatory (and, typically, non-negotiable) arbitration clauses in employment contracts have gained acceptance. *See Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001) (holding that mandatory arbitration agreements in the employment context fall under the Federal Arbitration Act). In a case such as this, in which the losing plaintiff has so clearly established her inability to pay, this court declines to increase those impediments by awarding costs, even in an amount as relatively modest as that sought by the defendant.

Counsel for the plaintiff, Rebecca L. West–Estell, is commended for her continued representation of her client, though her compensation was dependent on her client prevailing in the underlying litigation.

It is, therefore,

ORDERED THAT defendant's motion for costs be, and the same hereby is denied.

So ordered.